**Heliodoro CANALES, Petitioner,**

v.

**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, By its District Director of the New York District, and Eric H. Holder Jr., Attorney General of the United States of America,\* Respondents.**

No. 08–6032–ag.

United States Court of Appeals, Second Circuit.

Sept. 21, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as Respondent in this case.

Nicholas J. Mundy, Brooklyn, NY, for Petitioner.

Stefanie Notarino, Hennes U.S. Department of Justice (Tony West, Assistant Attorney General; John W. Blakeley, Senior Litigation Counsel, Office of Immigration Litigation, on the brief), Washington, D.C., for Respondents.

Present: ROGER J. MINER, CHESTER J. STRAUB, RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner, a native and citizen of El Salvador, seeks review of a November 10, 2008 order of the Board of Immigration Appeals ("BIA"), which affirmed a June 5, 2007 decision by an Immigration Judge ("IJ") denying Petitioner's application for cancellation of removal. We presume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues raised in the petition.

The IJ denied Petitioner's application based on the finding that Petitioner had not demonstrated that his removal would result in "exceptional and extremely un-

usual hardship" to his two children. In reaching that conclusion, the IJ noted that Petitioner "admitted that he did not ... make an effort to secure any corroborative documentary evidence from El Salvador to establish the lack of medical services or speech services for his son," and that his children would "continue to have family and community support of other relatives" if they remained in the United States. The IJ also found that "[e]motional hardship caused by severing family and communities ties" was insufficient to justify cancellation, and that Petitioner had not demonstrated that "needed medical and educational services are unavailable" to his children in El Salvador. Before denying the application, the IJ also offered the following observation:

Moreover, it would appear that respondent has the legal means to return to the U.S. in the near future given the approved relative petition filed on his behalf by his [lawful permanent resident] father with a priority date of Aug[ust] 30, 1993 which appears to be current and available in accord with the latest U.S. [Department] of State Visa Bulletin issued for June 2007. . . .

This language serves as the primary basis for Petitioner's challenge to the IJ's decision, which he raised on appeal to the BIA and in his petition with this Court.

The BIA denied Petitioner's appeal, holding that he "failed to demonstrate that his removal would result in exceptional and extremely unusual hardship to his qualifying children, ages 11 and 7 years at the time of the hearing [before the IJ]." The BIA offered three primary reasons in support of this conclusion. First, it noted that Petitioner had not presented "any evidence to support his assertion that comparable medical treatment and educational services would not be available in El Salvador for his son who suffers from asthma and re-

quires speech therapy." Second, the BIA found that concerns of financial hardship were insufficient to justify cancellation, and that the children's "relatively young age may make it easier for them to adjust to life in El Salvador." Finally, the BIA noted that Petitioner's "siblings and father have legal status in the United States," which provided the children with the alternative of "remain[ing] in this country with the familial, medical, and educational support to which they are accustomed." Notably, Petitioner does not contest the factual bases for any of the BIA's findings.

After conducting its review of the record, the BIA also rejected Petitioner's arguments regarding the challenged language in the IJ's decision:

> It is clear that the denial of cancellation of removal was based on the proper legal standard, and not on whether the respondent could immigrate through alternate means. The latter seems more a passing observation, regardless of whether that observation is accurate, rather than an analysis supporting the denial of the respondent's request for relief.

█ Before this Court, Petitioner presents two primary contentions: (1) the IJ's ruling was tainted by "a clear and unquestionable error of fact and glaring mistake of law"; and (2) the BIA "committed reversible error in guessing that the IJ did not rely on ... erroneous factual finding in rendering [its] decision."

The scope of this Court's jurisdiction to consider Petitioner's arguments is defined by section 242 of the Immigration and Nationality Act, 8 U.S.C. § 1252. Under section 242,

> the determination of whether "exceptional and extremely unusual hardship" is present for the purposes of cancellation of removal is beyond our jurisdiction to review, except in those rare cases where the BIA decision on whether this

kind of hardship exists is made "without rational justification or based on an erroneous legal standard," or rests on fact-finding "which is flawed by an error of law."

*Mendez v. Holder*, 566 F.3d 316, 322 (2d Cir.2009) (citations omitted) (quoting *Barco–Sandoval v. Gonzales*, 516 F.3d 35, 39 (2d Cir.2008)). Fact finding "is flawed by an error of law" where "some facts important to the subtle determination of 'exceptional and extremely unusual hardship' have been totally overlooked and others have been seriously mischaracterized." *Id.* at 323.

Notwithstanding the apparent merit of Petitioner's objection to the challenged language in the IJ's decision, this Court lacks jurisdiction to review the BIA's conclusion unless an error occurred that rose to the level of those described in *Mendez*. Having reviewed Petitioner's arguments, the Court concludes that the BIA's decision does not present one of the "rare cases" in which an administrative removal determination is sufficiently flawed to vest appellate jurisdiction with this tribunal. *Id.* at 322. Irrespective of the accuracy of the IJ's comment, it was couched in cautious and indefinite terms; rather than making specific findings, the IJ twice used the word "appear." By contrast, the IJ's conclusion in the preceding paragraph of the decision is both direct and specific: "[T]he court finds that the respondent has failed to establish and meet his burden of proof to show that the needed medical and educational services are unavailable to [his] children in El Salvador." Therefore, although the conclusion reached in the challenged portion of the IJ's decision is dubious, the language of the decision does not indicate that the IJ relied on this reasoning as a basis for denying Petitioner's application.

In any event, the BIA reviewed *de novo* the IJ's conclusion as to exceptional and extremely unusual hardship, *see* 8 C.F.R. § 1003.1(d)(3)(ii), and found that the evidence in the record supported the result reached by the IJ. In doing so, the BIA did not rely on the challenged portion of the IJ's decision. Moreover, contrary to Petitioner's assertion, there is no indication that the BIA engaged in "*de novo* fact finding" while reviewing the IJ's conclusion. "[A] review of the factual record by the BIA does not convert its discretionary determination as to whether a petitioner warrants [relief] into improper factfinding." *Wallace v. Gonzales*, 463 F.3d 135, 141 (2d Cir.2006) (per curiam). Finally, Petitioner's attempt to transform his challenge to the BIA's conclusion into a constitutional question is likewise unavailing. Mere invocation of the Due Process Clause is insufficient to circumvent the INA's jurisdictional bar. *See Barco–Sandoval,* 516 F.3d at 40–41 & n. 6. Therefore, the Court lacks jurisdiction under the INA to review Petitioner's challenge to the BIA's decision.

The Court has considered Petitioner's remaining arguments and finds them to be without merit. Accordingly, the petition for review is **DISMISSED.**