11-2270-ag
Convery v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of August, two thousand twelve.

PRESENT:  RALPH K. WINTER,
          REENA RAGGI,
          GERARD E. LYNCH,
                    *Circuit Judges*.
------------------------------------------------------------------------
FAHMIDA MOLLA CONVERY, a.k.a. Fahmida
Molla,
                    *Petitioner*,


          v.                                    No. 11-2270-ag


ERIC H. HOLDER, JR., United States Attorney General,
                    *Respondent*.
------------------------------------------------------------------------
APPEARING FOR PETITIONER:    ALAN MICHAEL STRAUSS, Esq., New York,
                             New York.

APPEARING FOR RESPONDENT:    IMRAN R. ZAIDI, Trial Attorney (Tony West,
                             Assistant Attorney General, Thomas B. Fatouros,
                             Senior Litigation Counsel, *on the brief*), Office of
                             Immigration Litigation, Civil Division, U.S.
                             Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Fahmida Molla Convery ("Molla"), a native of Belgium and citizen of Bangladesh, seeks review of a May 6, 2011 order of the BIA affirming the March 1, 2010 decision of Immigration Judge ("IJ") Alan A. Vomacka finding her removable and ineligible for cancellation of removal because she failed to demonstrate the good moral character required for that relief. See In re Fahmida Molla Convery, No. A076 184 244 (B.I.A. May 6, 2011), aff'g No. A076 184 244 (Immig. Ct. N.Y.C., Mar. 1, 2010); 8 U.S.C. § 1229b(b)(1)(B). Although the IJ cited several reasons for finding Molla not to have satisfied the good moral character requirement, the BIA affirmed the IJ's conclusion based only on: (1) Molla's entrance into a second marriage prior to termination of her first, (2) her failure to disclose her first marriage and a prior arrest on the adjustment of status application she filed in 2006, and (3) her lack of a credible explanation for either of those actions. Accordingly, in reviewing the challenged good moral character determination, we review the IJ's findings as modified by the BIA. See Xue Hong Yang v. U.S. Dep't of Justice, 426 F.3d 520, 522 (2d Cir. 2005).[1]

---

[1] To the extent that it remains an open question whether a good moral character determination under the catch-all provision of 8 U.S.C. § 1101(f) is a fully reviewable non-discretionary determination or a discretionary determination for which review is limited to constitutional claims and questions of law, see Sumbundu v. Holder, 602 F.3d 47, 53–55 (2d Cir. 2010), we need not decide the issue here because Molla asserts only legal challenges to the agency's adverse character determination.

2

We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to deny the petition.

1.    Scienter

Molla argues that the agency's character determination is deficient because the IJ never found that she acted with the scienter necessary to demonstrate conduct involving moral turpitude. This court has yet to recognize such a scienter requirement. See Sumbundu v. Holder, 602 F.3d 47, 55–56 (2d Cir. 2010) (declining to decide whether agency finding that alien lacks requisite good moral character under catch-all provision must be based on intentional or knowing conduct because IJ found intentional conduct in any event). We need not here decide that legal question because, even assuming a scienter requirement under the 8 U.S.C. § 1101(f) catch-all provision, the agency found that Molla intentionally entered into a second marriage knowing that she had not terminated her first and intentionally omitted her arrest and first marriage from her 2006 adjustment application. Although Molla offered various explanations to demonstrate that she had not acted with scienter, the agency found that her explanations were not credible. Assuming, arguendo, that we have jurisdiction to review a credibility finding underlying a moral character determination, see Abimbola v. Ashcroft, 378 F.3d 173, 180 (2d Cir. 2004), we defer to the agency's credibility determination because it is supported by substantial evidence, see 8 U.S.C. § 1252(b)(4)(B); Mei Fun Wong v. Holder, 633 F.3d 64, 68 (2d Cir. 2011).

2.    Mischaracterizations of the Record

Molla argues that the IJ mischaracterized the record. See Mendez v. Holder, 566 F.3d 316, 322–23 (2d Cir. 2009) (recognizing jurisdiction under 8 U.S.C. § 1252(a)(2)(B) to review factfinding flawed by error of law such as serious mischaracterization of record evidence). The argument fails because in affirming the adverse character determination, the BIA did not rely on those IJ findings purportedly infected by a mischaracterization of the record, i.e., the reason for the denial of her 1996 adjustment application or the purpose for which the Net Worth Statement was prepared. The BIA relied only on the IJ's findings regarding Molla's omission of her arrest and first marriage from the 2006 adjustment application, and her failure to dissolve her first marriage before entering into a second marriage.[2]   Molla does not argue that those findings mischaracterized the record. Accordingly, we identify no error of law infecting the agency's factfinding.

3.    Authentication

Molla argues that the IJ erred in admitting into evidence documents that did not comply with the authentication requirements of  8 C.F.R. § 1287.6(a), specifically the 2006 adjustment application and the Net Worth Statement. Because the BIA did not rely on the Net Worth statement in affirming the IJ's moral character finding, we need not address her

---

[2] Because the BIA's moral character determination relied only on the IJ's finding that Molla had intentionally omitted her arrest and first marriage from the 2006 adjustment application, and had failed to end her first marriage before entering her second, we reject Molla's argument that the agency considered conduct occurring before the ten-year statutory lookback period.

authentication challenge to that document. Molla failed to raise an authentication challenge to the 2006 adjustment application in her appeal to the BIA, thus we deem the argument unexhausted and decline to address it. See Lin Zhong v. U.S. Dep't of Justice, 480 F.3d 104, 120–22 (2d Cir. 2006) (holding that issue exhaustion is mandatory). Even if we were to reach the issue and conclude that the agency erred in considering the document, however, such error would not have precluded the agency from considering Molla's failure to disclose her prior arrest or first marriage in the 2006 adjustment application because Molla testified that she had failed to disclose those facts in the 2006 application. Thus, regardless of the application document's proper authentication, Molla's testimony alone supported the agency's finding that she had omitted that information from the application.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Molla's pending motion for a stay of removal is DENIED as moot.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court