**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3073
_____

LUIS ANTONIO MEJIA,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                              Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A087-944-522)
Immigration Judge:  Honorable Mirlande Tadal

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 6, 2014
Before:  HARDIMAN, NYGAARD and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 15, 2014)
_____

OPINION
_____

PER CURIAM

Luis Antonio Mejia, a native and citizen of Guatemala, petitions for review of the

Board of Immigration Appeals' ("BIA") final order of removal entered on June 10, 2013.

For the reasons that follow, we will dismiss in part and deny in part the petition for review.

Mejia entered the United States without inspection in 1991. In June 2010, Mejia was served with a notice to appear, charging him with removability as an alien present in the United States without having been admitted or paroled. See Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i). Represented by counsel, Mejia conceded the facts in the notice to appear, and an Immigration Judge ("IJ") found him removable as charged.

Mejia subsequently applied for cancellation of removal pursuant to INA § 240A(b), 8 U.S.C. § 1229b(b). In support of his application, Mejia testified that he has one daughter who was born in the United States in August 2008. Mejia and his daughter's mother, who is also from Guatemala, separated shortly after the birth. Pursuant to a court order, Mejia began paying parental support in December 2008. Mejia's daughter lives with her mother and he has visitation once a week.

An alien is eligible for cancellation of removal under INA § 240A(b), if he: (1) has been physically present for a continuous period of not less than ten years; (2) has been a person of good moral character during that time; (3) has not been convicted of certain enumerated criminal offenses; and (4) demonstrates that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or a lawful permanent resident. See INA § 240A(b)(1)(A)-(D), 8 U.S.C. § 1229b(b)(1)(A)-(D). Here, the IJ determined that Mejia satisfied the first

2

three requirements but failed to establish that his removal would result in exceptional and extremely unusual hardship to his U.S.-citizen daughter. Thus, the IJ denied Mejia's application for cancellation of removal and permitted him to voluntarily depart.

Mejia appealed the IJ's decision to the BIA, arguing that the IJ incorrectly inferred that his daughter would remain in the United States with her mother, and consequently failed to correctly analyze the hardship Mejia's daughter would face upon his removal. Mejia also argued that the IJ failed to consider that his daughter's mother was in the United States illegally and could be removed to Guatemala. The BIA affirmed the IJ's determinations, concluding that the record supported the IJ's inferences and that it was too speculative to consider the potential removal of the daughter's mother in the hardship analysis. Mejia then timely filed a counseled petition for review.

We lack jurisdiction to review the discretionary denial of cancellation of removal. See INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i); Mendez-Moranchel v. Ashcroft, 338 F.3d 176, 179 (3d Cir. 2003). This includes the determination that Mejia failed to demonstrate that his U.S.-citizen daughter would suffer "exceptional and extremely unusual hardship" in the event of his removal. See id. However, we retain jurisdiction over constitutional claims or questions of law. INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D). Because the BIA issued its own opinion, we review its decision rather than the IJ's. Li v. Att'y Gen., 400 F.3d 157, 162 (3d Cir. 2005). To the extent that the BIA deferred to or adopted the IJ's reasoning, we look to the decision of the IJ. Chavarria v. Gonzalez, 446 F.3d 508, 515 (3d Cir. 2006).

In his brief, Mejia advances claims concerning the BIA's allegedly incorrect interpretation of the hardship analysis. First, Mejia maintains that the BIA misinterpreted the hardship factors, see In re Monreal-Aguinaga, 23 I. & N. Dec. 56, 63-64 (BIA 2011), by focusing on the present circumstances of his daughter rather than considering the future circumstances. Mejia argues that as a result of this misinterpretation, the BIA failed to consider the hardship his daughter would face in the country of return. We have jurisdiction over this claim because Mejia is arguing that the BIA misinterpreted the language of INA § 240A(b)(1)(D), 8 U.S.C. § 1229b(b)(1)(D). See, e.g., Pareja v. Att'y Gen., 615 F.3d 180, 188 (3d Cir. 2010). For this argument, Mejia relies on Figueroa v. Mukasey, in which the United States Court of Appeals for the Ninth Circuit held that the hardship analysis is "a future-oriented analysis, not an analysis of . . . present conditions." 543 F.3d 487, 497 (9th Cir. 2008). Mejia's argument that the BIA did not perform a future-oriented analysis is unsupported by the record. The IJ considered the economic and emotional difficulty Mejia's daughter would suffer in the future due to his removal, and concluded that the daughter suffered from no medical or educational challenges that would render those difficulties exceptional and extremely unusual. Administrative Record at 64-65. The IJ found nothing in the record that indicated exceptional or unusual future hardships were likely to arise. Consequently, the BIA properly interpreted and applied the hardship factors.

Related to Mejia's claim that the BIA misinterpreted the hardship factors is his assertion that the BIA incorrectly assumed that his daughter would remain in the United

4

States with her mother and not accompany him to Guatemala. However, this argument does not rely on an allegation that the BIA "made a hardship determination based on an 'erroneous legal standard' or 'on fact-finding which is flawed by an error of law,'" Pareja, 615 F.3d at 188 (quoting Mendez v. Holder, 566 F.3d 316, 322 (2d Cir. 2009)), but instead challenges the factual findings made by the BIA. We will dismiss this claim because our jurisdiction does not extend to challenges concerning the BIA's factual and discretionary determinations. See Cospito v. Att'y Gen., 539 F.3d 166, 170 (3d Cir. 2008); see also Pareja, 615 F.3d at 186.

Mejia also claims that the BIA erred in concluding that it was too speculative to consider the hardship his daughter may face if her mother were removed to Guatemala. In response to Mejia's assertion that his daughter may in the future have to accompany her mother to Guatemala, the BIA stated that "[w]e find the series of events too speculative at this time to consider the degree of hardship which may result in such circumstances." Administrative Record at 3. Mejia's contention that the BIA should have considered the possibility that his daughter's mother would also be removed to Guatemala challenges the BIA's weighing of the factors and constitutes "'quarrels over the exercise of discretion and the correctness of the factual findings reached by the agency.'" Cospito, 539 F.3d at 170-71 (quoting Emokah v. Mukasey, 523 F.3d 110, 119 (2d Cir. 2008)). Therefore, this claim also involves only the BIA's discretionary decision regarding hardship, and we do not have jurisdiction to review it. See Pareja, 615 F.3d at 186.

5

In accordance with the foregoing, we will dismiss in part and deny in part Mejia's petition for review.