SUMMARY ORDER
Petitioner Abdelhadi Abdel Rahman El-hashash (“petitioner”), a native and citizen of Egypt, seeks review of an August 8, 2008 final order of removal by the Board of Immigration Appeals (“BIA”). That order, in turn, affirmed the September 14, 2006 decision of an Immigration Judge (“IJ”), which denied petitioner’s application for cancellation of removal for failure to establish exceptional and extremely unusual hardship to his United States-citizen children. Before this Court, petitioner argues that “[t]he IJ and BIA erred as a matter of law and violated petitioner’s right to due process in failing to provide him with a full and fair hearing, and denying his application for cancellation of removal.” Pet’r Br. 32. We assume the parties’ familiarity with the factual and procedural history of the case.
Our Court’s jurisdiction derives from INA § 242, 8 U.S.C. § 1252 (2006), which provides for judicial review of final orders. Our jurisdiction is limited; we have held that:
the determination of whether “exceptional and extremely unusual hardship” is present for the purposes of cancellation of removal is beyond our jurisdiction to review, except in those rare cases where the BIA decision on whether this kind of hardship exists is made “ ‘without rational justification or based on an erroneous legal standard,’ ” Barco-San-doval [v. Gonzales], 516 F.3d [35,] 39 [2d Cir.2008] (quoting Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 329 (2d Cir.2006), ... or rests on fact-finding “which is flawed by an error of law,” id. 516 F.3d at 40.
Mendez v. Holder, 566 F.3d 316, 322 (2d Cir.2009). With respect to what constitutes fact-finding “which is flawed by an error of law,” id. at 322, we have noted that we “readily acknowledge that the agency does not commit an ‘error of law’ every time an item of evidence is not explicitly considered or is described with imperfect accuracy,” but where “some facts important to the subtle determination of ‘exceptional and extremely unusual hardship’ have been totally overlooked and others have been seriously mischaracterized, we conclude that an error of law has occurred.” Id. at 323.
Turning to the case at hand, we note that in concluding that petitioner had failed to establish exceptional and extremely unusual hardship to his children, the IJ stated one reservation:
The only child that was of concern to the Court was the younger child indicating that he may have to receive some special education. But those education programs clearly would be available in Egypt if he needed it or he could stay here in the United States with either the grandmother or his aunt.
S. App’x 8. The IJ’s statements are belied by the record. Petitioner submitted a document from the Baison Education Administration in Egypt, which stated that “there is no foreign language school in Baison,” and “no school of individualized educational program.” J. App’x 839. Moreover, the children’s grandmother did not appear on the record, and there was no discussion of her acting as a potential care *42 giver on the record. In addition to the foregoing, it appears that the IJ completely overlooked Dr. Maria Nardone’s expert testimony relating to the hardship to be visited upon the children: their continuing difficulties in coping with their mother’s death; the loss of educational opportunities and problems of adjustment and language that removal to Egypt would occasion; and the additional problems that would attend removal of the child with special needs.
Because the IJ’s misstatements underpinned his determination, and he apparently ignored pertinent information relating to hardship, we conclude that there exist in this case “facts important to the subtle determination of ‘exceptional and extremely unusual hardship’ [that] have been totally overlooked and [that] have been seriously mischaracterized.” Mendez, 566 F.3d at 323. Accordingly, we grant the petition for review.

CONCLUSION

For the foregoing reasons, the petition for review is GRANTED and we REMAND the cause to the BIA to evaluate whether, without these errors, petitioner has established that his citizen children will suffer “exceptional and extremely unusual hardship.”