Javed v. Holder

BIA
Abrams, IJ
A047 270 355

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of April, two thousand twelve.

PRESENT:
>ROBERT A. KATZMANN,
>BARRINGTON D. PARKER,
>REENA RAGGI,
>    *Circuit Judges.*

_____

AMIR JAVED,
>    *Petitioner,*

>    v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>    *Respondent.*

_____

11-292-ag
NAC

FOR PETITIONER:          Amy Nussbaum Gell, Gell & Gell, New York, New York

FOR RESPONDENT:          Tony West, Assistant Attorney General; Ada E. Bosque, Senior Litigation Counsel; Daniel E. Goldman, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Amir Javed, a native and citizen of Pakistan, seeks review of a January 13, 2011 decision of the BIA affirming the August 5, 2010 decision of Immigration Judge ("IJ") Steven R. Abrams denying Javed's application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Amir Javed*, No. A047 270 355 (B.I.A. Jan. 13, 2011), *aff'g* No. A047 270 355 (Immig. Ct. N.Y. City Aug. 5, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen*

2

*v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Because Javed is removable by reason of having committed a criminal offense covered by 8 U.S.C. § 1182(a)(2), we lack jurisdiction to review the agency's factual findings and discretionary determinations. *See* 8 U.S.C. § 1252(a)(2)(C). Our jurisdiction is limited to constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(D).

Javed argues that the agency failed to consider his evidence confirming his membership in the Pakistan Muslim League Q ("PML Q") and that prisoners in Pakistan are routinely subjected to torture. However, while we have suggested that the agency's failure to consider evidence may constitute an error of law, *see Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009) (per curiam), the record does not compel the conclusion that the agency ignored any evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006). We do not have jurisdiction to consider Javed's other challenges to the agency's conclusion that he did not establish a likelihood of persecution or

3

torture as those arguments essentially "quarrel[] over the correctness of the [agency's] factual findings."  *Id.* at 329.[1]

We have jurisdiction to consider Javed's argument that the IJ deprived him of due process by denying his request for a continuance so that his mother could testify as it presents a colorable constitutional claim.  However, Javed did not establish that he was "denied a full and fair opportunity to present [his] claims," *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007), as he was given an opportunity to present his mother as a witness and did not demonstrate that the IJ's denial of the continuance he requested was outside of the IJ's "wide latitude in calendar management," *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006).

---

[1] We note Javed's argument that the agency erred as a matter of law in concluding that westernized Pakistanis are not a protected social group.  However, we do not address it because the agency made an alternative, dispositive finding that even if they were a protected social group, Javed did not establish a likelihood that he would be persecuted as a member of that group.  We lack jurisdiction to consider any challenge to that factual determination.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5