13-1498-ag
*Mesura v. Holder*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18ᵗʰ day of April, two thousand fourteen.

PRESENT:

> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JONATHAN MESURA,

> *Petitioner,*

> -v.-                                                                 No. 13-1498-ag

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY
GENERAL,

> *Respondent.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PETITIONER:**           JUSTIN CONLON, Hartford, CT.

**FOR DEFENDANTS-APPELLEES:**           KEITH MCMANUS, Office of Immigration Litigation (Song E. Park, Senior Litigation Counsel; Matt A. Crapo, Attorney, *on the brief*), *for* Stuart F. Delery, Assistant Attorney General, United States Department of Justice, Washington, D.C.

Petition for review of a Board of Immigration Appeals decision, entered March 25, 2013.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Jonathan Mesura, a native and citizen of Mexico, seeks review of a March 25, 2013, order of the BIA affirming the October 23, 2012, decision of an Immigration Judge ("IJ"), finding him removable and ineligible for cancellation of removal. *In re Jonathan Mesura*, No. A205 497 280 (B.I.A. Mar. 25, 2013), *aff'g* No. A205 497 280 (Immig. Ct. Hartford, Oct. 23, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

In order for an alien who is not a lawful permanent resident to demonstrate eligibility for cancellation of removal, he must show, *inter alia*, that he has been a person of good moral character. 8 U.S.C. § 1229b(b)(1)(B). In order to establish "good moral character," the applicant must show that he has not committed any of the offenses listed in 8 U.S.C. § 1101(f) which would preclude a finding of good moral character. The enumerated offenses in that section are followed by a "catch-all" provision, stating that "[t]he fact that any person is not within any of the foregoing classes shall not preclude a finding that for other reasons such person is or was not of good moral character." 8 U.S.C. § 1101(f). The agency found that Mesura had not established the requisite good moral character pursuant to the catch-all provision.

Whether we have jurisdiction to review a determination that an applicant lacks good moral character pursuant to the catch-all provision is an open question in our Circuit. *See Sumbundu v. Holder*, 602 F.3d 47, 55 & n.6 (2d Cir. 2010). We decline to reach this issue here and instead assume jurisdiction, *see Abimbola v. Ashcroft*, 378 F.3d 173, 180 (2d Cir. 2004), and conclude that substantial evidence supports the agency's determination that Mesura did not establish good moral character, *see* 8 U.S.C. § 1252(b)(4)(B); *Mei Fun Wong v. Holder*, 633 F.3d 64, 68 (2d Cir. 2011).

The agency did not err in its factual findings regarding Mesura's positive equities and the negative factors. *See* 8 U.S.C. § 1252(b)(4)(B). Although Mesura may disagree with the IJ's description of his criminal record as "serious" because the six convictions were all misdemeanors and did not result in any actual jail time, the IJ did not mischaracterize the record, as there is no evidence that he erroneously thought, for instance, that the convictions were felonies or resulted in jail time. *Cf. Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009). Mesura also argues that the IJ overlooked some positive equities because he did not note that Mesura paid his taxes. However, the failure to explicitly note this factor as a positive equity does not qualify as an error. *See id.*; *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) ("[W]e presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise."). Moreover, the IJ reasonably concluded that Mesura's lengthy conviction record, and the seriousness of his convictions for reckless endangerment and running from the police, outweighed his positive

equities, regardless of the fact that the convictions were misdemeanors and did not result in jail time. *See Castro v. Holder*, 597 F.3d 93, 99 (2d Cir. 2010); *Matter of T-*, 1 I&N Dec. 158, 159 (BIA 1941).

While Mesura argues that the agency erred in its moral character determination because it failed to apply precedent, prior cases regarding the catch-all moral character provision establish that the agency should weigh the positive equities against the negative factors to determine whether the applicant's character is "up to the standard of the average citizen." *Matter of T-*, 1 I&N Dec. at 159. These cases do not establish a hard and fast rule of law, but instead reflect that moral character should be determined on a case-by-case basis. *See, e.g.*, *Matter of Seda*, 17 I&N Dec. 550, 554-55 (BIA 1980); *Matter of Locicero*, 11 I&N Dec. 805, 805 (BIA 1966); *Matter of C-*, 3 I&N Dec. 833 (BIA 1950); *Matter of K-*, 3 I&N Dec. 180, 181 (BIA 1949). Because the agency did not err in its factual findings, and considered the relevant factors when weighing the equities, it adhered to precedent and reasonably concluded that Mesura did not establish good moral character.

Because the agency's determination that Mesura did not establish good moral character is dispositive of his application for cancellation of removal, *see* 8 U.S.C. § 1229b(b)(1), we do not reach Mesura's challenge to the moral turpitude finding regarding his larceny conviction.[1]

For the foregoing reasons, we **DENY** the petition for review.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] The IJ's determination as to good moral character was not dependent on the finding that Mesura had been convicted of a crime involving moral turpitude ("CIMT"). *See* Joint App'x 114–16. Accordingly, we need not consider whether the IJ's assessment of moral character would have changed if Mesura's larceny conviction had been not characterized as a CIMT.