12-4328
Azad v. Holder

BIA
Straus, IJ
A099 220 963

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of August, two thousand fourteen.

PRESENT:
>        PIERRE N. LEVAL,
>        ROSEMARY S. POOLER,
>        DENNY CHIN,
>               *Circuit Judges*.

_____

NASHRAT SHAH AZAD,
>        *Petitioner*,

v.                                              12-4328
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent*.

_____

FOR PETITIONER:        Glenn L. Formica, Wade Luckett,
                       Formica Williams, P.C., New Haven,
                       Connecticut.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; Jennifer L. Lightbody,
                       Senior Litigation Counsel; Edward E.

**Wiggers, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Nashrat Shah Azad, a native and citizen of Bangladesh, seeks review of an October 5, 2012, decision of the BIA affirming a January 10, 2011, decision of Immigration Judge ("IJ") Michael W. Straus, pretermitting his application for asylum and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Nashrat Shah Azad*, No. A099 220 963 (B.I.A. Oct. 5, 2012), *aff'g* No. A099 220 963 (Immig. Ct. Hartford Jan. 10, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008)(internal quotation marks omitted). The applicable standards of review are well-established. *See* 8

2

U.S.C. § 1252(b)(4)(B); *Aliyev v. Mukasey*, 549 F.3d 111, 115 (2d Cir. 2008).

I.   Pretermission of Asylum

Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Notwithstanding that provision, we retain jurisdiction to review constitutional claims and "questions of law."  8 U.S.C. § 1252(a)(2)(D).

Azad contends that the IJ "misstated the facts" in finding that the 2010 attack on his sister's newspaper did not materially affect his eligibility for asylum.  To the extent that this argument "disputes the correctness of the IJ's fact-finding" that he was not involved with his sister's newspaper, he does not raise a reviewable question of law.  *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).

Insofar as Azad argues that the IJ's fact-finding was flawed by an error of law, his claim lacks merit.  Given

3

Azad's vague testimony about his involvement with his sister's newspaper, the IJ's finding that he had no specific involvement neither "totally overlooked" nor "seriously mischaracterized" the evidence. *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009).

II. Withholding of Removal and CAT Relief

Notwithstanding Azad's argument to the contrary, the agency did not err in finding that the harm he suffered in Bangladesh did not rise to the level of persecution. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006). In finding that Azad failed to establish past persecution, the agency reasonably relied on the fact that he was not physically harmed in Bangladesh and remained in Bangladesh, without incident, for two years following the attempted assault. *See id.* at 341 (noting that, in order to constitute persecution, the harm must be sufficiently severe to rise above "mere harassment"). Although criminal charges were filed against him, the record shows that Azad was never subjected to serious physical or mental harm and, accordingly, his experiences in Bangladesh do not constitute past persecution. *See Mei Fun Wong v. Holder*, 663 F.3d 64, 72 (2d Cir. 2011).

4

The agency also reasonably concluded that Azad failed to establish a well-founded fear of future persecution. *See Jian Xing Huang v. INS*, 421 F.3d 125, 128-29 (2d Cir. 2005) (holding that absent solid support in the record for the petitioner's assertion that he would be persecuted, his fear was "speculative at best"). In making this determination, the agency reasonably found that, although Azad's family members in Bangladesh had been threatened, sued, and had their newspaper ransacked, these experiences did not constitute persecution. *See Ivanishvili*, 433 F.3d at 342; *see also Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (determining that petitioner's fear of future persecution was diminished when similarly-situated relatives continued to live in petitioner's native country without harm). Moreover, Azad remained in Bangladesh for two years following the attempted attack, without incident, further undercutting the likelihood of future persecution.

Finally, because Azad's CAT claim is based on the same evidence as his withholding of removal claim, the claim fails for the same reasons. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion

for a stay of removal in this petition is DISMISSED as moot.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk

6