**Clyves Jude LAURENT, Petitioner,**

v.

**Eric H. HOLDER, Jr., Respondent.**

Nos. 13–342–ag(L), 13–1560–ag(con).

United States Court of Appeals,
Second Circuit.

Oct. 27, 2014.

Amended Nov. 5, 2014.

Matthew J. Moffa (Meredythe M. Ryan, on the brief), Ropes & Gray LLP, New York, N.Y., for Petitioner.

Lee Gelernt (Dror Ladin, on the brief), American Civil Liberties Union Foundation, New York, N.Y., for Petitioner.

Scott A. Rosenberg, Adriene Holder, Jojo Annobil, Maria Navarro, and Amy Valor Meselson, The Legal Aid Society, New York, N.Y., for Petitioner.

Keith I. McManus, Senior Litigation Counsel (Cindy S. Ferrier, Assistant Director, on the brief), for Stuart F. Delery, Assistant Attorney General, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, DC, for Respondent.

PRESENT: DENNIS JACOBS, RAYMOND J. LOHIER, JR. and CHRISTOPHER F. DRONEY, Circuit Judges.

## SUMMARY ORDER

Clyves Jude Laurent, a citizen of Haiti, seeks review of (1) a December 26, 2012 decision of the BIA reversing an immigration judge's ("IJ") grant of deferral of removal pursuant to the Convention Against Torture ("CAT") and grant of adjustment of status, and (2) a March 25, 2013 order of the BIA denying his motion to reconsider. Under the circumstances of this case, we review only the decision of the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to grant the lead petition and remand the case to the BIA.[1]

### 1. *Lead Petition for Review*

In reversing the IJ's grant of CAT deferral, the BIA committed legal error by ignoring and seriously mischaracterizing record evidence regarding the length of Laurent's detention and the likelihood that he would not receive his medication or be rearrested after release in Haiti. *See*

---

1. We resolve Laurent's petition on legal grounds without reaching the jurisdictional question in his case. *See* 8 U.S.C. § 1252(a)(2)(D).

*Mendez v. Holder,* 566 F.3d 316, 323 (2d Cir.2009) (When the agency overlooks and mischaracterizes important evidence, "an error of law has occurred."). The BIA concluded that Laurent's initial detention upon return to Haiti "may be as short as a few hours, but will not be more than a few days or weeks." In doing so, it mischaracterized the declaration of Laurent's criminal deportee expert, which makes clear that the deportee could be detained for up to two years upon his initial return to Haiti. In concluding that Laurent had failed to provide evidence that he was likely to be rearrested after his release in Haiti, the BIA also ignored record evidence in the form of reports stating that the Haitian government continues to monitor and arbitrarily arrest criminal deportees after their release from initial detention, particularly after the January 2010 earthquake. Finally, in dismissing as speculative the IJ's finding that Laurent would be unmedicated when detained, the BIA disregarded record evidence that prison officials confiscate and re-sell the medication of mentally ill deportees, are unable to provide medication, and are unlikely to offer proper supervision of Laurent's bipolar and personality disorder.

The BIA also engaged in impermissible fact-finding. *See Weinong Lin v. Holder,* 763 F.3d 244, 247 (2d Cir.2014) ("[T]he BIA has no power to find facts."); 8 C.F.R. § 1003.1(d)(3)(i), (iv) (the BIA may remand to the IJ for further factfinding if necessary but generally cannot itself engage in any fact-finding);. For example, the BIA improperly found what it termed "short" detentions insufficient for Laurent's untreated mental disorder to draw the attention of prison officials. The BIA also assumed, without evidentiary support, that Laurent's family could "continue to assist him even if he is in Haiti," despite the IJ's express finding that Laurent would have "no family or financial resources" if deported to Haiti.

### 2. Adjustment of Status

In reversing the IJ's grant of adjustment of status, the BIA properly reviewed *de novo* the IJ's weighing of factors and exercised its discretion in determining that the equities in Laurent's favor, including the potential hardship he faced in Haiti, did not outweigh the adverse factors. *See* 8 C.F.R. § 1003.1(d)(3)(ii). However, because the BIA erroneously discredited the IJ's findings of fact regarding the conditions Laurent would face in Haiti, the BIA is directed on remand to reweigh the factors in light of this order. *See Noble v. Keisler,* 505 F.3d 73, 79 (2d Cir.2007) (recognizing that "the BIA's declining properly to defer to factual findings by the IJ ... will amount to an error of law" even in the context of generally unreviewable denials of discretionary relief).

### 3. Denial of the Motion to Reconsider

The BIA denied Laurent's motion to reconsider, concluding that it had not applied an incorrect standard of review or engaged in improper fact-finding. Remanding the lead petition effectively orders the BIA to address the errors that Laurent raised in his motion to reconsider. We therefore dismiss as moot the consolidated petition for review of the BIA's decision denying the motion to reconsider. *See Koudriachova v. Gonzales,* 490 F.3d 255, 264 (2d Cir.2007).

For the foregoing reasons, we GRANT the lead petition for review, VACATE the BIA's order, DISMISS the consolidated petition for review as moot, and REMAND the case to the BIA.