15-585 (L)
Brown v. Lynch

BIA
A055 568 197

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**AMENDED SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of December, two thousand sixteen.

PRESENT:    PIERRE N. LEVAL,
            RAYMOND J. LOHIER, JR.,
                 *Circuit Judges*,
            EDWARD R. KORMAN,
                 *District Judge.*\*

-----------------------------------------------------------------

ACEION RICARDO BROWN,

                             *Petitioner*,

                 v.                                    No. 15-585 (L);
                                                       No. 15-1708 (Con)

LORETTA E. LYNCH,
UNITED STATES ATTORNEY GENERAL,

                             *Respondent.*

-----------------------------------------------------------------

---

\* The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

FOR PETITIONER: ALLISON M. FREEDMAN (Peter G. Wilson, Hannah O. Koesterer, *on the brief*), Katten Muchin Rosenman LLP, Chicago, IL; Charles Roth, National Immigrant Justice Center, Chicago, IL.

FOR RESPONDENT: RAYA JARAWAN, Office of Immigration Litigation (Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Jesse M. Bless, Senior Litigation Counsel, Office of Immigration Litigation, Yedidya Cohen, Trial Attorney, Office of Immigration Litigation, *on the brief*), United States Department of Justice, Washington, D.C.

FOR AMICUS CURIAE: DORIAN NEEDHAM, Immigration Equality, New York, NY.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED,

AND DECREED that the petition for review in 2d Cir. 15-585 (L) is GRANTED,

and the petition for review in 2d Cir. 15-1708 (Con) is DISMISSED as moot.

Petitioner Aceion Ricardo Brown, a native and citizen of Jamaica, petitions

for review of two decisions of the Board of Immigration Appeals ("BIA"). The

first decision affirmed the denial by an Immigration Judge ("IJ") of Brown's

application for deferral of removal under the Convention Against Torture

("CAT"). In re Aceion Ricardo Brown, No. A055 568 197 (B.I.A. Feb. 10, 2015),

aff'g No. A055 568 197 (Immigr. Ct. Hartford May 19, 2014). The second decision

2

denied Brown's motion to reopen and reconsider the first decision. In re Aceion Ricardo Brown, No. 055 568 197 (B.I.A. Apr. 23, 2015). We assume the parties' familiarity with the underlying facts and procedural history in these cases, to which we refer only as necessary to explain our decision to grant the first petition and to deny the second petition as moot.

Because Brown was ordered removed based on controlled substance offenses, our review is limited to constitutional claims and questions of law. See 8 U.S.C. § 1252(a)(2)(C), (D); Ortiz-Franco v. Holder, 782 F.3d 81, 90 (2d Cir. 2015), cert. denied sub nom. Ortiz-Franco v. Lynch, 136 S. Ct. 894 (2016).

The IJ denied Brown's claim for CAT relief on the ground that Brown was not harmed during the three years he previously lived in Jamaica and had a relationship with a man. But in using Brown's testimony against him in this manner, the IJ disregarded Brown's testimony that he hid his relationship and went to underground meetings where LGBTQ persons discussed how to act in public to avoid discovery, and, further, that he did not intend to conceal his bisexuality if he returned to Jamaica. This testimony, which we assume to be credible, see Yan Chen v. Gonzales, 417 F.3d 268, 271–72 (2d Cir. 2005), tends both to explain why Brown was not harmed previously and to show that he may be

harmed in the future.   That the IJ's denial was based solely on the observation that Brown was never harmed while in Jamaica, without discussion of Brown's testimony about his past concealment, "compellingly suggests" that this critical testimony was ignored.   Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d 315, 336 n.17 (2d Cir. 2006).   The IJ therefore erred as a matter of law, see Mendez v. Holder, 566 F.3d 316, 323 (2d Cir. 2009), and the BIA did nothing to rectify this error.   Accordingly, Brown's petition for review of the final order of removal is granted.

This is not the first time this particular IJ has erred in adjudicating an application for deferral of removal by a gay or bisexual Jamaican man.   See, e.g., Walker v. Lynch, No. 15-184, 2016 WL 4191844, at *3 (2d Cir. Aug. 9, 2016) (granting the petition for review on the grounds that the IJ "totally overlook[ed]" the record evidence that the Jamaican government acquiesces in the torture of gay and bisexual men).   The record in this case also contains examples of conduct potentially indicative of bias.   For example, the IJ permitted the government to engage in a line of cross-examination asking Brown irrelevant, demeaning questions about, among other things, his genitalia and sexual performance.   The BIA might consider, on remand, whether justice, or the appearance of justice,

4

would be served by reassigning the remand to a different IJ.   See Huang v. Gonzales, 453 F.3d 142, 151 (2d Cir. 2006) (reassignment is appropriate to avoid bias or the appearance of substantial injustice).

Our decision to grant the lead petition effectively affords Brown the relief he requested in his motion to reopen.   Accordingly, we dismiss as moot the consolidated petition challenging the denial of reopening.   See, e.g., Koudriachova v. Gonzales, 490 F.3d 255, 264 (2d Cir. 2007).

For the foregoing reasons, the petition for review in 2d Cir. 15-585 (L) is GRANTED, the petition for review in 2d Cir. 15-1708 (Con) is DISMISSED as moot, and the case is REMANDED for further proceedings consistent with this order.   As we have completed our review, the stay of removal that the Court previously granted in these petitions is VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5