21-6505
*Figueroa Sola v. Garland*

BIA
Segal, IJ
A206 576 210

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of August, two thousand twenty-four.

PRESENT:
> JOSEPH F. BIANCO,
> EUNICE C. LEE,
> ALISON J. NATHAN,
> *Circuit Judges.*

---

DINORA MARIBEL FIGUEROA SOLA,

> *Petitioner*,

v.      21-6505

MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,

> *Respondent*.

---

FOR PETITIONER:      Craig Relles, Esq., White Plains, New York.

FOR RESPONDENT:      Brian Boynton, Principal Deputy Assistant Attorney General; Leslie McKay, Senior Litigation Counsel; Scott M. Marconda, Senior Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, District of Columbia.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DISMISSED**.

Petitioner Dinora Maribel Figueroa Sola, a native and citizen of El Salvador, seeks review of an August 18, 2021 decision of the BIA, affirming a November 27, 2018 decision of the Immigration Judge ("IJ"), which denied her application for cancellation of removal. *In re Dinora Maribel Figueroa Sola,* No. A 206 576 210 (B.I.A. Aug. 18, 2021), *aff'g* No. A 206 576 210 (Immigr. Ct. N.Y.C. Nov. 27, 2018). In her application, Figueroa Sola claimed that her removal would cause exceptional and extremely unusual hardship to qualifying relatives, namely, her two teenage U.S. citizen daughters.[1] We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to dismiss the petition.

We review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). To be eligible for cancellation of removal, Figueroa Sola had the burden to establish that her removal would cause her U.S. citizen daughters "exceptional and extremely unusual hardship." 8 U.S.C. § 1229b(b)(1)(D); *see id.* § 1229a(c)(4)(A)(i). To meet this standard, she had to "establish that h[er] qualifying relatives would suffer hardship that is substantially different from, or beyond, that which would normally be expected from the deportation of an alien with close family members here." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (B.I.A. 2001); *see also Carrera v. Garland*, 106 F.4th 229, 231 (2d Cir. 2024) (per

---

[1] Figueroa Sola's daughters are now aged twenty-one and nineteen, but were less than twenty-one years old at the time of the IJ's and BIA's decisions. *See* 8 U.S.C. § 1101(b)(1) (defining "child" as "an unmarried person under twenty-one years of age").

2

curiam). The agency considers hardship factors in the aggregate, including "the ages, health, and circumstances of qualifying . . . relatives." *In re Monreal-Aguinaga*, 23 I. & N. Dec. at 63. "A lower standard of living or adverse country conditions in the country of return are factors to consider . . . insofar as they may affect a qualifying relative, but generally will be insufficient in themselves to support a finding of exceptional and extremely unusual hardship." *Id.* at 63–64. When the claim is based on the health of the qualifying relative, the applicant must show "that the relative has a serious medical condition and, if he or she is accompanying the applicant to the country of removal, that adequate medical care . . . is not reasonably available in that country." *Matter of J-J-G-*, 27 I. & N. Dec. 808, 811 (B.I.A. 2020) (footnotes omitted). The seriousness of a medical condition and the availability of care are findings of fact that the applicant has the burden to establish through submission of reliable evidence. *Id.* at 811–12; *see also Wilkinson v. Garland*, 601 U.S. 209, 222 (2024).

Our jurisdiction to review the agency's denial of cancellation of removal is limited to constitutional claims and questions of law, which we review *de novo*. *See* 8 U.S.C. § 1252(a)(2)(B)(i), (a)(2)(D); *Dale v. Barr*, 967 F.3d 133, 138 (2d Cir. 2020). A question of law includes whether the agency applied the correct legal standards, as well as whether important facts have been "totally overlooked" or "seriously mischaracterized." *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009) (per curiam); *accord Moller v. Garland*, No. 21-6564, 2024 WL 2747253, at *1 (2d Cir. May 29, 2024) (summary order). In addition, a question of law includes the application of law to established facts—such as whether established facts meet the "exceptional and extremely unusual hardship" standard. *Wilkinson*, 601 U.S. at 222. However, the underlying factual determinations—such as "an IJ's factfinding on credibility, the seriousness of

3

a family member's medical condition, or the level of financial support a noncitizen currently provides" are factual issues that the Court does not have jurisdiction to review. *Id.* at 225.

Here, Figueroa Sola argues that the agency committed an error of law by overlooking and seriously mischaracterizing the hardship evidence presented in support of her petition. We disagree. As set forth below, the IJ fully assessed the evidence regarding the medical conditions of both of Figueroa Sola's daughters—namely, the depression experienced by her younger daughter and the ear problems experienced by her older daughter.

With respect to the depression experienced by her younger daughter, the IJ reviewed the daughter's medical reports, which indicated that her symptoms had resolved. Indeed, Figueroa Sola testified that her daughter had never seen a school psychologist and was doing better in school after regularly taking medication to control her angry outbursts. Moreover, Figueroa Sola testified that her daughters' father would accompany them to El Salvador, thereby keeping the family intact, which was important to her younger daughter's prognosis.

Similarly, with respect to her older daughter's middle ear issues, the IJ reviewed medical reports and doctors' letters, including records that the daughter last had tubes inserted in 2008 when she was five years old, and Figueroa Sola's admission that her daughter did not have speech issues. Figueroa Sola testified that her daughter had no difficulty speaking, sits closer to her teacher when she has trouble hearing, does not use a hearing aid, and is on the honor roll at school, and that the last time her daughter had fluid in her ears, it drained as she recovered from a fever.

In sum, though the outer bounds of our jurisdiction to correct legal errors allow us to intervene when the agency has overlooked or seriously mischaracterized important facts, that is not the situation here. *Mendez*, 566 F.3d at 323; *see also Hernandez v. Garland*, 66 F.4th 94, 103 (2d Cir. 2023) (rejecting argument that agency had mischaracterized the evidence and dismissing

4

for lack of jurisdiction).   Accordingly, we lack jurisdiction to review Figueroa Sola's objections to the agency's fact-finding.   *Wilkinson*, 601 U.S. at 222, 225.

For the foregoing reasons, the petition for review is **DISMISSED**.   All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5