Sanchez v. Sessions
BIA
Page, IJ
A045 060 116

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14ᵗʰ day of February, two thousand seventeen.

PRESENT:
> PETER W. HALL,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges*,
> VICTOR A. BOLDEN,*
> > *District Judge*.

_____

LUZ DE ALBA SANTOS DE SANCHEZ, AKA
LUZDEALBA SANTOS, AKA LUZ
SANTOS-SANCHEZ,

> *Petitioner*,

> v.                                    14-2362

JEFF SESSIONS, UNITED STATES ATTORNEY
GENERAL,[1]

> *Respondent*.

_____

* Judge Victor A. Bolden, United States District Court for the District of Connecticut, sitting by designation.

1 - Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Jeff Sessions is automatically substituted as Respondent.

**FOR PETITIONER:**     JAMES A. LOMBARDI, New York, NY.

**FOR RESPONDENT:**     DAVID J. SCHOR, Trial Attorney, Kohsei Ugumori, Senior Litigation Counsel, *for* Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Luz De Alba Santos De Sanchez ("Sanchez"), a native and citizen of the Dominican Republic, seeks review of a June 4, 2014, decision of the BIA affirming a June 10, 2013, decision of an Immigration Judge ("IJ") denying Sanchez's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Luz De Alba Santos De Sanchez,* No. A045 060 116 (B.I.A. June 4, 2014), *aff'g* No. A045 060 116 (Immig. Ct. N.Y.C. June 10, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Sanchez challenges only the denial of deferral of removal under the CAT. 8 C.F.R. § 1208.17. That is a mandatory form of relief that hinges on risk within the destination country.

2

*Id.* §§ 1208.16(c), 1208.17. It requires the applicant to show that she would more likely than not be tortured; it does not require a nexus to any protected ground. *Id.* §§ 1208.16(c), 1208.17. The CAT's implementing regulations define torture as pain and suffering "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Id.* § 1208.18(a)(1). Acquiescence, in turn, "requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." *Id.* § 1208.18(a)(7).

Sanchez was convicted of conspiracy to distribute heroin in 2008, and she was ordered removed as an alien who had been convicted of an aggravated felony, a conspiracy to commit an aggravated felony, and a crime relating to a controlled substance. Her conviction constrains our jurisdiction to "constitutional claims or questions of law." 8 U.S.C. §§ 1252(a)(2)(C), (D); *see Ortiz-Franco v. Holder*, 782 F.3d 81, 86 (2d Cir. 2015). When assessing jurisdiction, we must "study the arguments asserted" to "determine, regardless of the rhetoric employed in the petition, whether it merely quarrels over the correctness of the factual findings" or raises a true

3

question of law.  *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006); *see also Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009) (identifying error of law where "important" facts had been "totally overlooked and others ha[d] been seriously mischaracterized").

In the main, Sanchez argues that the agency committed legal error by failing to address whether the government of the Dominican Republic will be willfully blind to her torture. This is a factual challenge cloaked as a legal question, which we lack jurisdiction to review.  The IJ and BIA both rejected Sanchez's theory of willful blindness.  The IJ acknowledged that governmental involvement can be shown by an official's willful blindness to torture, but found that Sanchez failed to make that showing.  *See Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004).  The BIA rejected as unpersuasive Sanchez's claim that her ex-boyfriend, against whom she cooperated in her criminal case, is working with Dominican officials who would acquiesce or show willful blindness to his revenge.

A prior panel ordered the parties to brief the purely legal, subsidiary question whether the Dominican government's general ineffectiveness in preventing crime suggests that it is likely to acquiesce to Sanchez's torture absent evidence of corruption or other specific inability or unwillingness to stop Sanchez's

4

ex-boyfriend.  The Government argues that Sanchez failed to administratively exhaust this issue.  Not so.

We "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right."  8 U.S.C. § 1252(d)(1).  Although Sanchez's brief to the BIA made only a fleeting reference to CAT relief, she argued government acquiescence in the context of asylum and withholding, and the BIA reviewed the IJ's denial of CAT relief.  That put Sanchez's CAT claim before us.  *See Waldron v. INS*, 17 F.3d 511, 515 n.7 (2d Cir. 1993) ("[T]he BIA addressed the issue in that appeal, apparently excusing Waldron's failure to raise the issue previously.  Accordingly, we also may consider the issue.").  As to the particular argument, the INA "bars the consideration of bases for relief that were not raised below, and of general issues that were not raised below, but not of specific, subsidiary legal arguments, or arguments by extension, that were not made below."  *Gill v. INS*, 420 F.3d 82, 86 (2d Cir. 2005) (discussing 8 U.S.C. § 1252(d)(1)).  Put another way, we do not "require complete conformity between an alien's argument below and on appeal."  *Id*. at 86-87.  We therefore have jurisdiction to consider the "subsidiary legal argument" identified in our prior order.

5

Although we have jurisdiction to review the argument, Sanchez addresses it only in passing, writing that "a government can indicate its intent to allow this type of private torture by citizens through its inaction, even where laws criminalizing this type of violence exist." Pet'r's Br. 17. She cites background evidence on the Dominican government in the context of willful blindness, saying that it demonstrates "a pattern and practice of cooperating and assisting criminals." *Id.* at 15.

Under the BIA's CAT jurisprudence, which we have approved, that is not enough. As the Attorney General has explained, "It is the likelihood of all necessary events coming together that must more likely than not lead to torture, and a chain of events cannot be more likely than its least likely link." *In re J-F-F-*, 23 I. & N. Dec. 912, 918 n.4 (AG 2006); *see also Savchuck v. Mukasey*, 518 F.3d 119, 124 (2d Cir. 2008) (approving agency's application of *J-F-F-* to find CAT claim speculative). Sanchez identifies a possible event: the Dominican government will fail to protect her from her ex-boyfriend. But she draws no link between the Dominican government's general failure to protect others and the facts in her case. Other courts of appeals have rejected similar claims, even those paired with evidence that the government previously failed to protect the individual

applicant.  *See, e.g.*, *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034-35 (9th Cir. 2013); *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 351-52 (5th Cir. 2006); *Reyes-Sanchez v. U.S. Att'y Gen.*, 369 F.3d 1239, 1241-43 (11th Cir. 2004).  Sanchez's claim rests on a chain of assumptions that the agency was not obligated to adopt.  *Savchuck*, 518 F.3d at 124.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the stay of removal that the Court previously granted in this petition is VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
