18-3387-ag
*Guaman-Talledo v. Barr*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of April, two thousand twenty.

PRESENT: AMALYA L. KEARSE,
JOSÉ A. CABRANES,
MICHAEL H. PARK,
*Circuit Judges.*

---

FRANK MARLON GUAMAN-TALLEDO,

*Petitioner,*                                          18-3387-ag

v.

WILLIAM P. BARR, United States Attorney General,

*Respondent.*

---

FOR PETITIONER:            Mary Foden, De Castro Foden, LLC, Hartford, CT.

FOR RESPONDENT:            Joseph H. Hunt, Assistant Attorney General; Anthony P. Nicastro, Assistant Director; Jenny C. Lee, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of the October 10, 2018 Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED.**

Petitioner Frank Marlon Guaman-Talledo ("Guaman-Talledo"), a native and citizen of Ecuador, seeks review of an October 10, 2018, decision of the BIA denying his motion to remand and affirming an October 10, 2017 decision of an Immigration Judge ("IJ") denying Guaman-Talledo's applications for adjustment of status with a waiver of inadmissibility, cancellation of removal for certain non-permanent residents, and voluntary departure. *In re Frank Marlon Guaman-Talledo,* No. A 203 293 692 (B.I.A. Oct. 10, 2018), *aff'g* No. A 203 293 692 (Immig. Ct. Hartford Oct. 10, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Guaman-Talledo challenges the BIA's decision to the extent it declined to remand for consideration of additional evidence of the hardship his removal would cause to his U.S. citizen children. He argues that the BIA abused its discretion and provided insufficient explanation to allow meaningful appellate review of that exercise of discretion. We find his arguments without merit.

"A motion to remand that relies on newly available evidence is held to the substantive requirements of a motion to reopen," and we review the denial of such a motion for abuse of discretion. *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156–57 (2d Cir. 2005). Failure to provide new, material evidence is a proper ground on which the BIA may deny a motion to reopen, as is the movant's failure to establish a *prima facie* case for the underlying substantive relief sought. *INS v. Abudu*, 485 U.S. 94, 104–05 (1988). In the context of discretionary forms of relief, such as those for which Guaman-Talledo sought remand, the agency engages in a "two-step process" that includes a determination of eligibility for relief and, if eligible, a determination of whether the relief is warranted as a matter of discretion. *Rodriguez v. Gonzales*, 451 F.3d 60, 62 (2d Cir. 2006). Where, as here, the ultimate relief is discretionary, "the BIA may leap ahead, as it were, over the two threshold concerns (prima facie case and new evidence[]), and simply determine that even if they were met, the movant would not be entitled to the discretionary grant of relief." *Abudu*, 485 U.S. at 105. Our jurisdiction to review such a discretionary denial is limited to constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(B), (D); *Mendez v. Holder*, 566 F.3d 316, 318 (2d Cir. 2009). A "petitioner cannot . . . secure review by using the rhetoric of a 'constitutional claim' or 'question of law' to disguise what is essentially a quarrel about fact-finding or the exercise of discretion." *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 330 (2d Cir. 2006).

The BIA acknowledged that Guaman-Talledo had presented evidence of additional hardship, but it stated that the discretionary denial would be affirmed for the reasons given by the IJ, notwithstanding the additional evidence. In essence, the BIA affirmed the IJ's denial of relief at the discretion-based "stage two" of the process without revisiting his underlying eligibility for relief. Although a question of law may arise if the agency "totally overlook[s]" or "seriously

2

mischaracterize[s]" evidence, *Mendez*, 566 F.3d at 323, that was not the case here because the BIA did not err in skipping over eligibility given its conclusion that relief was not warranted as a matter of discretion. *See Abudu*, 485 U.S. at 105.

Finally, although Guaman-Talledo is correct that the BIA inaccurately stated that he did not seek voluntary departure before the IJ, we conclude that remand with respect to that question would be futile because the IJ recognized that request and denied voluntary departure based on the same discretionary determination as the other forms of relief. *See Xiao Ji Chen*, 471 F.3d at 339 ("The overarching test for deeming a remand futile . . . is when the reviewing court can 'confidently predict' that the agency would reach the same decision absent the errors that were made.").

## CONCLUSION

We have considered all Guaman-Talledo's arguments that are properly before us and find them without merit. We have seen in this record no constitutional error or other error of law. For the foregoing reasons, the petition for review is **DENIED**.

The pending motion for a stay of removal is **DENIED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk