*Camacho v. Barr*

BIA
Straus, IJ
A073 593 521

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of October, two thousand twenty.

PRESENT:
> ROBERT D. SACK,
> ROBERT A. KATZMANN,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

ERIK CAMACHO,
> *Petitioner,*

v.                                                    19-2041

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:               H. Raymond Fasano, Youman, Madeo & Fasano, LLP, New York, NY.

FOR RESPONDENT:               Jeffrey Bossert Clark, Acting Assistant Attorney General; Anthony P. Nicastro, Assistant Director; Matthew B. George, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **GRANTED**.

Petitioner Erik Camacho, a native and citizen of Venezuela, seeks review of a June 7, 2019 decision of the BIA affirming a December 5, 2017 decision of an Immigration Judge ("IJ") ordering his removal on inadmissibility grounds. *See In re Erik Camacho,* No. A073 593 521 (B.I.A. June 7, 2019), *aff'g* No. A073 593 521 (Immig. Ct. Hartford Dec. 5, 2017). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Camacho was charged as removable under four grounds of inadmissibility under Section 212(a) of the Immigration and Nationality Act. *See* 8 U.S.C. § 1182(a)(2)(C), (a)(2)(A)(i)(II), (a)(6)(A)(i), (a)(7)(A)(i)(I). The sole issue before us is whether the agency erred in finding that Camacho failed to meet his burden of showing that he was admitted to the United States as a visitor in 1995.

As an initial matter, we conclude that we have jurisdiction to address this issue. The government contends that 8 U.S.C. § 1252(a)(2)(C) limits our jurisdiction because Camacho was ordered removed on criminal grounds of inadmissibility. But we have jurisdiction to determine whether this limitation applies,

2

and that requires determining whether Camacho established that he had been admitted to the United States. *See Ming Lam Sui v. INS*, 250 F.3d 105, 110 (2d Cir. 2001); *see also Higgins v. Holder*, 677 F.3d 97, 100 (2d Cir. 2012).

We have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006).[1] "We defer to the factual findings of the BIA and the IJ if they are supported by substantial evidence, and we review *de novo* legal conclusions and the application of legal principles to undisputed facts." *Higgins*, 677 F.3d at 100.

As Camacho was charged as removable on grounds of inadmissibility under § 1182, he had the burden of establishing by clear and convincing evidence that he was lawfully present in the United States pursuant to a prior admission. *See* 8 U.S.C. § 1229a(c)(2)(B). "In meeting th[is] burden of proof . . . the alien shall have access to the alien's visa or other entry document, if any, and any other records and documents, not considered by the Attorney General to be confidential, pertaining to the alien's admission or presence in the United States." *Id.; see also id.* § 1361.

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

In support of his claim that he was lawfully admitted to the United States, Camacho submitted an I-797A form which listed him as a beneficiary and his father as the applicant for an extension of temporary stay, as well as his testimony and his family's testimony. In opposition, the government argued that Camacho did not produce a passport or an I-94 form, cited its I-213 form which stated that a search on their database did not show any lawful entrances by Camacho, and noted that a 1996 asylum application filed when Camacho was six years old reflected that Camacho entered without inspection in 1990.

We remand for the agency to explain its conclusion that the I-797A was not sufficient evidence of admission under the circumstances of this case. *See Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005) ("Despite our generally deferential review of IJ and BIA opinions, we require a certain minimum level of analysis from the IJ and BIA . . . and indeed must require such if judicial review is to be meaningful."). The government and the IJ stated that they were looking for the I-94 form, which is typically accepted evidence of a lawful admission to the United States. However, U.S. Citizenship and Immigration Services "uses numerous types of Form I-797 to communicate with applicants/petitioners or convey an immigration benefit. . . . [Form] I-797A, Notice of Action [is] [i]ssued to an applicant as a replacement Form I-94."

Form I-797: Types and Functions, U.S. Citizenship & Immigration Services, https://www.uscis.gov/forms/filing-guidance/form-i-797-types-and-functions (last visited Oct. 26, 2020).

Additionally, both the IJ and the government acknowledged the possibilities that (1) Camacho might not have had an I-94 because he was a child and he would not have needed a passport while travelling as a dependent, (2) Camacho's I-94 might have been in one of his parents' passports, and (3) the government's database search of Camacho's name might not have yielded any results because Camacho entered the country on one of his parents' entry documents. Given this third point, the government's evidence in support of the charge — an I-213 form — is not material. The I-213 form simply states that "[n]o information was found in TECS that would indicate that the subject ever made a lawful entry into the US," Admin. Record 600; the more useful search for someone alleging entry at age six would be whether TECS reflected the arrival of Camacho's parents in 1995.

Moreover, the IJ's description of the I-797A form is inaccurate. The IJ concluded that Camacho did "not provide[] any valid documents to show he was legally admitted to the United States other than . . . [Form I-797A] which reflects . . . someone named Cesar Camacho obtained an application to extend his non-immigrant status." Admin. Record 52. The IJ relied on the fact

5

that the form lists someone with the same name as Camacho's father as the applicant, but failed to acknowledge that Camacho was listed as a beneficiary and that the detachable card at the bottom of the form was in Camacho's name and lists an I-94 number. *See Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009) (holding that agency may commit error of law if it "overlook[s]" or "seriously mischaracterize[s]" critical evidence).

Given the lack of explanation for why the I-797A form is insufficient proof of a lawful admission, particularly in light of the corroborating testimony from Camacho's family and the absence of any adverse credibility determination, we cannot conclude that an admittedly false asylum application filed when Camacho was six years old is sufficient evidence to call the I-797A into question.

For the foregoing reasons, the petition for review is **GRANTED**. The BIA's decision is **VACATED**, and the case is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6