Chen v. Garland

BIA
Hom, IJ
A205 050 445

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of April, two thousand twenty-one.

PRESENT:
>  DEBRA ANN LIVINGSTON,
>  *Chief Judge,*
>  RICHARD C. WESLEY,
>  WILLIAM J. NARDINI,
>  *Circuit Judges.*

_____

XIAOCUI CHEN,
>  *Petitioner,*

v.                                                    19-10
                                                      NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,[1]
>  *Respondent.*

_____

FOR PETITIONER:          Gerald Karikari, Karikari &
                         Associates, P.C., New York, NY.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Merrick B. Garland is automatically substituted as Respondent.

**FOR RESPONDENT:** Brian M. Boynton, Acting Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Micah Engler, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiaocui Chen, a native and citizen of China, seeks review of a December 19, 2018, decision of the BIA affirming a November 8, 2017, decision of an Immigration Judge ("IJ") denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiaocui Chen,* No. A 205 050 445 (B.I.A. Dec. 19, 2018), *aff'g* No. A 205 050 445 (Immig. Ct. N.Y. City Nov. 8, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C.

§ 1252(b)(4)(B); *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013).

The agency denied Chen's asylum claim as time barred and alternatively denied all relief on the merits. We find legal error in the agency's time bar ruling as neither the IJ nor the BIA addressed Chen's argument that her conversion to Christianity while in the United States was a change in circumstances that excused her untimely filing. *See* 8 U.S.C. § 1158(a)(2)(B), (D); *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009) (holding that an error of law may arise where facts have "been totally overlooked"). However, we decline to remand because, as discussed below, we find no error in the agency's alternative and dispositive conclusion that Chen failed to establish a well-founded fear of persecution. *See* *Gurung v. Barr*, 929 F.3d 56, 62 (2d Cir. 2019) (noting that remand is not necessary "when the IJ articulates an alternative and sufficient basis for her determination").

Absent past persecution, an asylum applicant may establish eligibility for relief by demonstrating a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(2); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178

3

(2d Cir. 2004). To do so, an applicant must show either a reasonable possibility that she would be singled out for persecution or that the country of removal has a "pattern or practice" of persecuting similarly situated individuals. 8 C.F.R. § 1208.13(b)(2)(iii); *see In re A-M-*, 23 I. & N. Dec. 737, 741 (BIA 2005) (defining pattern or practice as "systemic or pervasive" persecution). "[T]o establish eligibility for relief based exclusively on activities undertaken after h[er] arrival in the United States, an alien must make some showing that authorities in h[er] country of nationality are (1) aware of h[er] activities or (2) likely to become aware of h[er] activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 138 (2d Cir. 2008).

The agency reasonably found that Chen failed to satisfy her burden of proof because her evidence that Chinese police were aware of her religious practice in the United States consisted of vague testimony and letters from friends and family members that were entitled to minimal weight, and her country conditions evidence did not reflect a pattern or practice of persecution of Christians in China. Chen alleged that Chinese authorities were aware of her practice of

4

Christianity in the United States because she had discussed Christianity on the telephone with people in China. But her information lacked detail about who she spoke to or when, and her supporting letters were authored by individuals not available for cross-examination. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 128 (2d Cir. 2005) (requiring "credible, specific, and detailed evidence"); *Y.C.*, 741 F.3d at 332, 334 (holding that "[w]e generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence" and upholding BIA's decision not to credit letter from applicant's spouse). Moreover, the country conditions evidence reported tens of millions of Christians practicing in unregistered churches in China. The agency did not err in determining that this evidence failed to demonstrate a pattern or practice of persecution of Christians in China based on the record in this case. *See* 8 C.F.R. § 1208.13(b)(2)(iii); *Santoso v. Holder*, 580 F.3d 110, 112 & n.1 (2d Cir. 2009); *Mufied v. Mukasey*, 508 F.3d 88, 92–93 (2d Cir. 2007). Because the agency reasonably found that Chen failed to demonstrate the well-founded fear of persecution needed for asylum, she "necessarily" failed to

5

meet the higher standards for withholding of removal and CAT relief.  *Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court
```