*Pastor Salas v. Garland*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of January, two thousand twenty-three.

PRESENT:    Amalya L. Kearse,
            Rosemary S. Pooler,
            Steven J. Menashi,
                 *Circuit Judges.*

_____

FERNANDO PASTOR SALAS, VERONICA MARIA MARTINEZ CASTILLERO,

     *Petitioners,*

    v.                                                    No. 21-6562

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,

     *Respondent.*

_____

*For Petitioners*:                    Thomas V. Massucci, New York, NY.

*For Respondent*:                   Brian M. Boynton, Principal Deputy
Assistant Attorney General, Civil Division,
Jonathan A. Robbins, Assistant Director,
Regina Byrd, Attorney, Office of
Immigration Litigation, United States
Department of Justice, Washington, DC.

Upon due consideration of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the petition for review is **DISMISSED**.

Petitioners Fernando Pastor Salas and Veronica Maria Martinez Castillero, citizens of Mexico, seek review of a decision of the BIA entered September 27, 2021, which affirmed the decision of an Immigration Judge ("IJ"), entered October 24, 2018, that denied their applications for cancellation of removal. *In re Fernando Pastor Salas, Veronica Maria Martinez Castillero*, Nos. A206 223 869/202 040 576 (B.I.A. Sept. 27, 2021), *aff'g* Nos. A206 223 869, 202 040 576 (Immig. Ct. N.Y. City Oct. 24, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). As an initial matter, the government argues that the petitioners failed to exhaust any of the issues they raise here. We conclude that, for the most part, the petitioners exhausted the issues by raising the same issues, albeit more generally in their brief to the BIA. *See Gill v. INS*, 420 F.3d 82, 86 (2d Cir. 2005) ("[W]e have never held that a petitioner is limited to the exact contours of his argument below."). To be sure, the petitioners did not exhaust their claim that the IJ misstated the record as to whether their children would relocate to Mexico. But

even if they had exhausted it, they have not raised a colorable question of law with respect to that claim in any event, as discussed below.

For "alien[s] who [are] inadmissible or deportable from the United States" such as the petitioners, the agency may cancel removal when—in addition to meeting other statutory requirements—the aliens "establish[] that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1)(D). Hardship is a "very high standard." *In re Andazola-Rivas*, 23 I. & N. Dec. 319, 322 (B.I.A. 2002). To meet it, an applicant for cancellation of removal must establish that "qualifying relatives would suffer hardship that is substantially different from, or beyond, that which would normally be expected from the deportation of an alien with close family members." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (B.I.A. 2001). The agency considers "the ages, health, and circumstances of qualifying lawful permanent resident and United States citizen relatives." *Id.* at 63. "A lower standard of living or adverse country conditions in the country of return are factors to consider only insofar as they may affect a qualifying relative, but generally will be insufficient in themselves to support a finding of exceptional and extremely unusual hardship." *Id.* at 63-64.

Our jurisdiction to review the denial of cancellation of removal based on an applicant's failure to satisfy the hardship requirement is limited to colorable constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(B)(i), (D); *Patel v. Garland*, 142 S. Ct. 1614, 1618 (2022) ("With an exception for legal and constitutional questions, Congress has barred judicial review of the Attorney General's decisions denying discretionary relief from removal.").

We dismiss the petition because the petitioners fail to raise a colorable question of law. We have said that a question of law may arise when "some facts important to the subtle determination of 'exceptional and extremely unusual hardship' have been totally overlooked and others have been seriously

mischaracterized." *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009). But such a question does not arise when the applicant "merely quarrels over the correctness of the factual findings or justification for the discretionary choices." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006). The agency "does not commit an 'error of law' every time an item of evidence is not explicitly considered or is described with imperfect accuracy," *Mendez*, 566 F.3d at 323, and "we presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise," *Xiao Ji Chen*, 471 F.3d at 336 n.17.

The petitioners assert that the IJ mischaracterized how often one of their children received speech therapy, ignored or mischaracterized evidence of that child's performance in school, misstated that their children would not relocate to Mexico, and failed to consider evidence of diminished educational and financial opportunities and physical safety in Mexico. These arguments do not raise colorable questions of law. The IJ stated that she had considered all the evidence, and review of the record does not compel a contrary conclusion. *See Xiao Ji Chen*, 471 F.3d at 336 n.7. The agency acknowledged that the child received speech therapy and that the therapy continued the next year, and the IJ's conclusion that the child's school performance was average did not "seriously mischaracterize" the record, given evidence of poor performance in some areas and average or good performance in others. *See Mendez*, 566 F.3d at 323; *see Xiao Ji Chen*, 471 F.3d at 336 n.7 (noting that the IJ must consider "significant factual assertions" but need not "expressly parse or refute on the record" each piece of evidence) (emphasis omitted).

The record reflects some ambiguity about whether the children will relocate but, regardless, the petitioners do not articulate any error of law in the BIA's conclusion that "the hardship the respondents' removal would create is not disproportionate to that which would normally be expected to occur in such circumstances." Certified Admin. R. 4; *see Matter of J-J-G-*, 27 I. & N. Dec. 808, 812-13 (B.I.A. 2020) ("[I]t is well settled that evidence that a qualifying relative will experience a 'lower standard of living' in the country of removal ... 'will be

insufficient in itself to support a finding of exceptional and extremely unusual hardship.'") (alteration omitted) (quoting *Monreal-Aguinaga*, 23 I. & N. Dec. at 63-64).

For the foregoing reasons, the petition for review is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court