Castillo v. Bondi

BIA
Gordon-Uruakpa, IJ
A205 309 876

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of February, two thousand twenty-five.

PRESENT:
> DENNIS JACOBS,
> RAYMOND J. LOHIER, JR.,
> BETH ROBINSON,
> > *Circuit Judges.*

_____

ELMER BALMORE CASTILLO,
> *Petitioner,*

v.                                                                23-6251
                                                                      NAC

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:                    Bruno J. Bembi, Hempstead, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Daniel E. Goldman, Senior Litigation Counsel; Stefanie A. Svoren-Jay, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Elmer Balmore Castillo, a native and citizen of El Salvador, seeks review of a February 15, 2023, decision of the BIA that both affirmed a July 10, 2019, decision of an Immigration Judge ("IJ") denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"), and denied his motion to remand so he could apply for cancellation of removal under 8 U.S.C. § 1229b(b)(1). *In re Elmer Balmore Castillo,* No. A 205 309 876 (B.I.A. Feb. 15, 2023), *aff'g* No. A 205 309 876 (Immig. Ct. N.Y. City July 10, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's opinions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's factual findings under the substantial evidence standard, and we review questions of law and the application of law to fact de novo. *See Yanqin Weng v. Holder*, 562

F.3d 510, 513 (2d Cir. 2009).   "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."   8 U.S.C. § 1252(b)(4)(B).

## I.   Withholding of removal

An applicant for withholding of removal must demonstrate past persecution or likelihood of future persecution and "establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also* 8 C.F.R. § 1208.16(b); *Quituizaca v. Garland*, 52 F.4th 103, 114 (2d Cir. 2022) (holding that "one central reason" requirement for asylum also applies to withholding of removal).   An applicant like Castillo, who asserts persecution based on membership in a particular social group, must establish that the proposed group is cognizable and that membership in the group was (or will be) one central reason for the harm.   *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014).   We review de novo the legal determination of whether a group constitutes a "particular social group."   *Id.*   The agency did not err in concluding that Castillo failed to demonstrate that his proposed groups – imputed witnesses to a crime and Salvadorans perceived as American – were cognizable.

3

"To constitute a particular social group, a group must be: (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Hernandez-Chacon v. Barr*, 948 F.3d 94, 101 (2d Cir. 2020) (quotation marks omitted). A group "is socially distinct if the people of a given society would perceive a proposed group as sufficiently separate or distinct." *Quintanilla-Mejia v. Garland*, 3 F.4th 569, 588 (2d Cir. 2021) (quotation marks omitted). "[A] persecutor's perception alone is not enough, by itself, to establish a cognizable social group." *Id.* (quotation marks omitted).

The Government is correct that Castillo raises only conclusory challenges to the agency's social group findings and has therefore waived review of them. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (deeming argument abandoned where "only a single conclusory sentence" was devoted to it). In any event, the agency did not err in concluding that Castillo's proposed groups are not cognizable because he did not establish that they are socially distinct. Castillo did not produce evidence suggesting that Salvadoran society regards witnesses to crimes or people returning from the United States as distinct groups. *See Paloka*, 762 F.3d at 196 ("Persecutory conduct aimed at a social group cannot alone define

4

the group, which must exist independently of the persecution." (quotation marks omitted)); *Hernandez-Chacon*, 948 F.3d at 101 (finding country conditions evidence of "widespread violence" insufficient to show that members of a proposed group were "perceived as a distinct group in society or [we]re at greater risk that anyone else"); *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group.'"). Castillo's case is distinguishable from *Gashi v. Holder*, which held that witnesses to war crimes in Kosovo who cooperated with investigating authorities constituted a particular social group, because Castillo never reported the incidents to the police and was not an informant or witness in any investigation or prosecution. 702 F.3d 130, 136–37 (2d Cir. 2012).

**II.    CAT Relief**

There is no nexus requirement for a CAT claim. Instead, Castillo had the burden to show he would "more likely than not" be tortured by or with the acquiescence of government officials. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1); *see also Quintanilla-Mejia*, 3 F.4th at 592. More likely than not means "there is greater

than a fifty percent chance . . . that he will be tortured." *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 n.20 (2d Cir. 2003). "Acquiescence 'requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity.'" *Quintanilla-Mejia*, 3 F.4th at 592 (quoting 8 C.F.R. § 1208.18(a)(7)).

When determining the likelihood of future torture, the agency considers, among other things, "[e]vidence of past torture," the ability to internally relocate, evidence of "gross, flagrant or mass violations of human rights within the country of removal," and "[o]ther relevant information regarding conditions in the country of removal." 8 C.F.R. § 1208.16(c)(3). As the agency found, Castillo was threatened but not physically harmed, and the threats did not rise to the level of past torture. *See KC v. Garland*, 108 F.4th 130, 135–37 (2d Cir. 2024) (concluding that death threats that are not sufficiently "imminent," "concrete," or "menacing" do not constitute past persecution (quotation marks omitted)); *Kyaw Zwar Tun v. U.S. INS*, 445 F.3d 554, 567 (2d Cir. 2006) ("[T]orture requires proof of something more severe than the kind of treatment that would suffice to prove persecution.").

Castillo argues that he will more likely than not face "severe physical harm or death," given the high crime rate and country conditions of El Salvador. While

6

the record reflects a high level of crime and gang violence, including reports of Salvadoran nationals who were harmed and killed by gangs after deportation from the United States, it does not establish, as a CAT claimant must, "that someone in his particular alleged circumstances is more likely than not to be tortured." *Mu Xiang Lin v. U.S. Dep't of Just.*, 432 F.3d 156, 160 (2d Cir. 2005) (emphasis and quotation marks omitted). Ultimately the evidence of gang violence does not compel a conclusion different from the agency's, particularly as Castillo was not harmed or tortured in the past and his fear of future harm was based on his fear of the unidentified men, who Castillo does not allege were government agents, and with whom he has had no contact since 2004. *See Quintanilla-Mejia*, 3 F.4th at 592 (A petitioner "cannot secure CAT relief by pointing to conflicting evidence that might support—but not compel—a different conclusion."); *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [an applicant's] fear is speculative at best.").

**III.    Motion to remand**

We discern no abuse of discretion in the BIA's denial of Castillo's motion to remand to apply for cancellation of removal under 8 U.S.C. § 1229b(b)(1). *See Li*

*Yong Cao v. U.S. Dep't of Just.*, 421 F.3d 149, 156–57 (2d Cir. 2005) (reviewing denial of motion for remand for abuse of discretion).  Our jurisdiction to review the denial of cancellation of removal is limited to constitutional claims and questions of law, including when the claim is raised in a motion to remand.  *See* 8 U.S.C. § 1252(a)(2)(B)(i), (D); *Wilkinson v. Garland*, 601 U.S. 209, 212 (2024); *Juras v. Garland*, 21 F.4th 53, 61 (2d Cir. 2021).  A question of law may arise where the agency applied the wrong legal standard, *see Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2007), or where the agency "totally overlooked" or "seriously mischaracterized" important facts, *see Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009).  "The application of a statutory legal standard (like the exceptional and extremely unusual hardship standard) to an established set of facts is a quintessential mixed question of law and fact" that is "reviewable . . . under § 1252(a)(2)(D)."  *Wilkinson*, 601 U.S. at 212, 217.  To establish a basis for remand here, Castillo must establish prima facie eligibility, meaning eligibility "on its face," for cancellation of removal.  *See INS v. Abudu*, 485 U.S. 94, 104 (1988) (listing grounds on which the BIA may deny a motion to reopen).

A nonpermanent resident, like Castillo, may have his removal cancelled if he satisfies physical presence and good moral character requirements, has no

8

disqualifying convictions, and establishes that a qualifying U.S. citizen or lawful permanent resident relative would suffer "exceptional and extremely unusual hardship" if he were removed. 8 U.S.C. § 1229b(b)(1). The BIA denied remand for failure to make a prima facie claim of hardship. The hardship to the qualifying relative "must be substantially beyond the ordinary hardship that would be expected when a close family member leaves this country." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (B.I.A. 2001) (quotation marks omitted). Relevant factors include "the ages, health, and circumstances" of the qualifying relatives. *Id.* at 63. A "strong applicant might have a qualifying child with very serious health issues, or compelling special needs in school." *Id.*

Castillo asserts that he established prima facie eligibility for cancellation of removal with "evidence of extensive family ties with relatives lawfully living in the United States, including several U.S. citizen children who would not be able to adjust to the pervasive violence in El Salvador." His application stated that his removal would cause hardship to his lawful permanent resident father and his U.S. citizen child, but neither his motion, nor the attached application, detailed

what the hardship would be. His application also stated that his child[1] would not return to El Salvador with him, contradicting his assertions here.

The Government is correct that Castillo has abandoned review of the denial of his motion to remand because he provides no argument or details about the alleged hardships. *See Yueqing Zhang*, 426 F.3d at 545 n.7. Even if not abandoned, we would find no abuse of discretion because Castillo's reliance on general conditions and crime in El Salvador is insufficient to state a prima facie claim of hardship: "[A]n applicant who has elderly parents in this country who are solely dependent upon him for support might well have a strong case. Another strong applicant might have a qualifying child with very serious health issues, or compelling special needs in school. A lower standard of living or adverse country conditions in the country of return . . . generally will be insufficient in themselves to support a finding of exceptional and extremely unusual hardship." *In re Monreal-Aguinaga*, 23 I. & N. Dec. at 63–64.

---

[1] Castillo has one child who is a U.S. citizen and who is thus a qualifying relative; he stated that he considered his partner's child his own, but also that that child was not yet a lawful permanent resident or U.S. citizen, so that child cannot be a qualifying relative for cancellation. *See* 8 U.S.C. § 1229b(b)(1)(D).

For the foregoing reasons, the petition for review is DENIED.   All pending

motions and applications are DENIED and stays VACATED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe,
                                        Clerk of Court