*Ortega v. Blanche*

BIA
Wright, IJ
A099 597 663, A208 092 419

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of June, two thousand twenty-six.

PRESENT:
> JOSEPH F. BIANCO,
> STEVEN J. MENASHI,
> *Circuit Judges*,
> ANTHONY J. BRINDISI,
> *District Judge.**

---

SEGUNDO H. ORTEGA, MARIA ISABEL ZHUNIO YARI,

    *Petitioners*,

    v.             24-3326

TODD BLANCHE, ACTING UNITED STATES ATTORNEY GENERAL,

    *Respondent*.

---

FOR PETITIONERS:      Lᴀᴡʀᴇɴᴄᴇ Sᴘɪᴠᴀᴋ, Jamaica, NY.

FOR RESPONDENT:      Tɪᴍᴏᴛʜʏ Bᴏ Sᴛᴀɴᴛᴏɴ, Senior Trial Attorney, Office of Immigration Litigation (Sheri R. Glaser, Acting Assistant Director, *on the brief*) *for* Brett A. Shumate,

---

\* Judge Anthony J. Brindisi, of the United States District Court for the Northern District of New York, sitting by designation.

Assistant Attorney General, Civil Division, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DISMISSED**.

Petitioners Segundo H. Ortega and Maria Isabel Zhunio Yari, natives and citizens of Ecuador, seek review of a November 25, 2024 decision of the BIA affirming a November 19, 2019 decision of an Immigration Judge ("IJ") denying their applications for cancellation of removal. *In re Ortega & Zhunio Yari*, Nos. A099 597 663, A208 092 419 (B.I.A. Nov. 25, 2024), *aff'g* Nos. A099 597 663, A208 092 419 (Immigr. Ct. N.Y.C. Nov. 19, 2019). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

Cancellation of removal is discretionary relief available to nonpermanent residents who meet physical presence and character requirements, who do not have certain criminal convictions, and who "establish[] that removal would result in exceptional and extremely unusual hardship to [a] spouse, parent, or child, who is a citizen of the United States or . . . lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1). Applicants must first show statutory eligibility, then must demonstrate that relief is warranted as a matter of discretion. *See Rodriguez v. Gonzales*, 451 F.3d 60, 62 (2d Cir. 2006). We have reviewed the IJ's decision as modified by the BIA, and thus limit our review to the hardship determination because the BIA did not reach or rely on the IJ's alternative discretionary denial. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005).

Our jurisdiction to review a denial of cancellation of removal is limited to constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(B)(i), (D). "We review constitutional

claims and questions of law *de novo*." *Paucar v. Garland*, 84 F.4th 71, 80 (2d Cir. 2023). The application of the hardship standard to established facts is a reviewable question of law. *Wilkinson v. Garland*, 601 U.S. 209, 225 (2024). However, the underlying factual findings, such as "credibility, the seriousness of a family member's medical condition, or the level of financial support a noncitizen currently provides remain unreviewable." *Id.* Moreover, "[a] challenge to the agency's weighing of the evidence, or the logic it employed in drawing inferences from it, no less than a challenge to the factual findings that result from such analysis, raises questions of fact." *Penaranda Arevalo v. Bondi*, 130 F.4th 325, 340 (2d Cir. 2025). We have said that a question of law arose when "some facts important to the subtle determination of 'exceptional and extremely unusual hardship' have been totally overlooked and others have been seriously mischaracterized." *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009). But in all cases "[t]he court 'needs to study the arguments asserted' and 'determine, regardless of the rhetoric employed in the petition, whether they merely quarrel over the correctness of the factual findings or justification for the discretionary choices, in which case the court would lack jurisdiction.'" *Penaranda Arevalo*, 130 F.4th at 339 (alterations omitted) (quoting *Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 329 (2d Cir. 2006)).

## I. Exhaustion

As a threshold matter, Petitioners' challenge to the IJ's denial of their motion to subpoena the mental health care provider for one of their daughters is unexhausted. Exhaustion is "not jurisdictional," but "mandatory in the sense that a court must enforce the rule if a party properly raises it." *Ud Din v. Garland*, 72 F.4th 411, 419 (2d Cir. 2023) (internal quotation marks and citation omitted). As the government correctly notes, Petitioners did not challenge the IJ's denial of their motion for a subpoena on appeal to the BIA and, thus, this unexhausted challenge is not properly before this Court. *See Vera Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024)

3

("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it.").[1]

## II. Hardship Determination

To establish eligibility for cancellation, Petitioners bore the burden to show "that removal would result in exceptional and extremely unusual hardship to" their two U.S.-citizen daughters. 8 U.S.C. § 1229b(b)(1)(D); *see id.* § 1229a(c)(4)(A)(i). "Exceptional and extremely unusual hardship" is "'substantially' beyond the ordinary hardship that would be expected when a close family member leaves this country." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (B.I.A. 2001). Relevant factors include "the ages, health, and circumstances" of the qualifying relatives, and "[a] lower standard of living or adverse country conditions in the country of return are factors to consider . . . insofar as they may affect a qualifying relative, but generally will be insufficient in themselves to support a finding of exceptional and extremely unusual hardship." *Id.* at 63–64. The factfinder should assess "all hardship factors . . . in the aggregate." *Id.* at 64.

First, Petitioners' arguments as to the seriousness of their daughters' medical conditions are challenges to the IJ's findings of fact, which we cannot review. *See Wilkinson*, 601 U.S. at 225 (listing the "seriousness of a family member's medical condition" as an example of an unreviewable agency determination). Second, although Petitioners claim that the IJ "seriously mischaracterized" or "totally overlooked" evidence of their daughters' medical conditions, which might raise a question of law, *Mendez*, 566 F.3d at 323, Petitioners in substance argue that the IJ should have weighed the evidence differently and drawn alternative inferences. Those factual disputes also exceed our jurisdiction. *See Wilkinson*, 601 U.S. at 225; *Penaranda Arevalo*, 130

---

[1] The government also argues that the exhaustion requirement was not satisfied for Petitioners' argument that they sufficiently corroborated their eldest daughter's attempted self-harm. However, we need not address that argument because, to the extent that Petitioners properly exhausted that argument, it provides no basis to disturb the agency's determination.

F.4th at 340.

Petitioners contend that the IJ should have found that their children would suffer hardship given objective evidence that mental health care in Ecuador is inadequate, but this too presents a factual question that we cannot review. *See Wilkinson*, 601 U.S. at 225. The IJ found that Petitioners' evidence did not demonstrate an inability to treat their daughters' conditions in Ecuador. In reaching that determination, the IJ stated that she reviewed the entire record, and cited exhibits containing the evidence Petitioners now rely on in their brief, and the record does not suggest that such evidence was overlooked. *See Xiao Ji Chen*, 471 F.3d at 336 n.17 ("[W]e presume that an IJ has taken into account all of the evidence before [her], unless the record compellingly suggests otherwise.").

Finally, Petitioners argue that the IJ misconstrued their available assets by treating their construction business's revenue as income, when their actual profits after expenses were considerably less. Again, the IJ's conclusion that Petitioners' "significant financial assets could further ease [the family's] relocation to Ecuador," Certified Administrative Record at 121, is a factual finding over which we lack jurisdiction. *See Penaranda Arevalo*, 130 F.4th at 340.

\*     \*     \*

Accordingly, the petition for review is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5